CLARK, Respondent, v. MOSIER, Appellant.

(150 N. W. 475.)

(File No. 3565. Opinion filed January 16, 1915.)

1.  **Appeals—Error—Instructions—Law of Case—Verdict, Conclusiveness of—Sufficiency of Evidence.**
    Instructions not excepted to become the law of the case, and a verdict thereunder is conclusive, unless the evidence is insufficient to support it.

2.  **Appeals—Review—Evidence—Imperfect Record of.**
    Where the record on appeal fails to contain all the evidence, the question of sufficiency or insufficiency of evidence cannot be considered.

3.  **Evidence—Conclusions—Self-Serving Declaration—Interrogatory.**
    Where plaintiff, after defendant had visited him and talked

with him concerning adjustment of the matter, released to defendant cattle distrained by plaintiff for damages for trespass, **held**, that testimony by plaintiff that he would not have released the cattle if defendant had not agreed to pay the damages, was not objectionable, either as a conclusion, or as a self-serving declaration; and the question, whether or not he would have released them if defendant had not so agreed, called for a statement of fact.

Appeal from Circuit Court, Lyman County.    Hon. WILLIAM WILLIAMSON, Judge.

Action by Vern R. Clark against Walter Mosier, to recover for damages for trespass by cattle.    From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*R. P. Stewart, E. W. Fiske,* and *George Philip,* for Appellant.

*J. W. Jackson,* and *Bartine & Bartine,* for Respondent.

(3) Under point three of the opinion, Respondent cited: Wood et al. v. Dodge, 23 S. D. 97.

POLLEY, J.    Action for the recovery of damages caused by cattle belonging to certain Indians on the Rosebud Indian Rerservation that were allowed to trespass on plaintiff's land.    Plaintiff recovered judgment, and defendant appeals.

Plaintiff is a farmer, occupying land along the north side of White river.    The defendant is what is known as "Boss Farmer" in the district of the Rosebud Reservation, lying along the opposite side of White river.    During the fall of 1911, cattle, belonging to certain Indians in defendant's district, trespassed upon and damaged plaintiff's crops, and were distrained and held by him for the damage resulting from such trespass.    Defendant undertook to adjust the matter of said damage with plaintiff, and, as a result of their negotiations, plaintiff and defendant agreed upon the amount of damages to which plaintiff is entitled; and it is contended by plaintiff that defendant himself agreed to pay the amount of the damage so agreed upon, and that, upon the strength of such agreement, he surrendered the cattle to their owners and released his lien thereon.

Defendant does not deny that he made certain representations to plaintiff; and it is not disputed that, as a result of such representations, plaintiff released the cattle and waived his lien thereon.    It is also apparent from the record that defendant had

caused a portion of the damage agreed upon to be paid prior to the commencement of the action; but defendant denies that he ever promised to become personally responsible for such damage, contending that he only promised to see that the damages should be paid by the owners of the trespassing cattle, and that, in any event, whatever promise he may have made was but an oral agreement to pay the debt of another, and therefore void under the statute of frauds. The real issue to be determined then is: Was defendant's agreement a mere promise to answer for the debt of another, and therefore void because it was not reduced to writing, or was it an independent agreement on the part of the defendant to pay plaintiff a stipulated sum of money for the release of the cattle without any reference to the liability of the owners of the cattle that caused the damage. Upon this question, the trial court charged the jury as follows:

"In order to bind the defendant on his alleged promise to pay, you must find that the defendant promised that he personally would be liable for the damages done by the trespassing of the 'ID' cattle testified to, and you must further find that as a result of such promise the plaintiff did release such cattle and thereby lost his lien for damages which he might have had had he retained possession of the cattle. In other words, it amounts to simply this, gentlemen, that before the plaintiff can recover in this case you must first find that the defendant made the promise to pay these damages personally and thereby made himself responsible for these damages, and that as a result of this promise, if you believe from the evidence that he made such a promise, the plaintiff turned these cattle lose and thereby lost his lien. In that case, gentlemen of the jury, he would be liable. On the other hand, the defendant says he made no such promise. He contends that all he agreed to do was to do his best to collect this money from the Indians and turn it over to the plaintiff. If this was the agreement between the parties, then of course the defendant would not be liable personally, and you should find in his favor."

[1, 2] To this charge no exception was taken, and, the jury having found in favor of plaintiff, the verdict is conclusive unless the evidence is insufficient to support such verdict, or is based upon evidence that is immaterial or incompetent. The record on

appeal does not purport to contain a full statement of the evidence, and therefore the sufficiency or insufficiency of the evidence to support the verdict cannot be considered.

Certain assignments are based upon the trial court's ruling on the admission of testimony and upon defendant's motion for a directed verdict at the close of plaintiff's testimony, and again at the close of all the testimony.

[3, 4] While on the witness stand, plaintiff was asked whether or not he would have released the cattle if defendant had not agreed to pay the damage. This was objected to on the ground that it calls for a conclusion and a self-serving declaration of the witness. The objection was overruled, and rightly so. The question is not objectionable on either of these grounds. It calls for neither a conclusion nor a self-serving declaration, but for a statement of fact. That plaintiff released the cattle and thereby surrendered his lien thereon was an admitted fact; and the purpose of the question was to show the inducement that prompted plaintiff to forego such security and to show that he acted solely on defendant's promise to pay.

The other assignments have been examined, but do not require special discussion.

We are satisfied that no error is disclosed, and the order appealed from is affirmed.